AMERICAN AIRLINES, INC. *v.* NATIONAL AUTOMATIC PRODUCTS COMPANY ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 279359
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed February 28, 1984

*Halloran, Sage, Phelon & Hagarty,* for the plaintiff.

*Schatz & Schatz, Ribicoff & Kotkin,* for the named defendant et al.

*Howard, Kohn, Sprague & FitzGerald,* for the defendant United Technologies Corporation.

HAMMER, J. The plaintiff, American Airlines, Inc. (American), has brought this products liability action pursuant to § 52-572m et seq. of the General Statutes. The suit arises out of the use of an allegedly defective fuel nozzle nut purchased by American and installed in a Pratt and Whitney JT-9 engine. The engine had been utilized on a Boeing 747 aircraft leased by the plaintiff.

American claims in its complaint that during an operating test of the jet engine a fire occurred which caused extensive damage to the engine and to the plaintiff's maintenance facilities. The complaint alleges that the fire occurred as a result of the defective fuel nozzle nut. The relief sought by American includes punitive damages under § 52-240b of the General Statutes.

The defendant, United Technologies Corporation (UTC), has moved to strike that portion of the plaintiff's claim for relief which seeks punitive damages. UTC argues that the plaintiff may not seek or recover punitive damages because the statute permits such damages "only in cases where personal injuries have been sustained."

A motion to strike tests the legal sufficiency of a pleading. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The allegations of the complaint are construed in a manner most favorable to the plaintiff. *Verdon* v. *Transamerica Ins. Co.*, 187 Conn. 363, 365, 446 A.2d 3 (1982).

Under § 52-240b of the General Statutes a products liability claimant may be awarded punitive damages "if [he] proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." In its brief, UTC argues that the statutory reference to "safety" and persons who were "injured" by the product constitutes "clear and unambiguous" language which leaves no room for statutory construction, citing *Seals* v. *Hickey,* 186 Conn. 337, 346, 441 A.2d 604 (1982). It also relies on a statement of one of the legislative proponents of the bill that the punitive damage provision applied to cases "where the harm suffered was the result of the seller's disregard for the safety of the product-users." Remarks of Representative John A. Berman, 22 H. R. Proc., Pt. 20, 1979 Sess., p. 7022.

The issue raised by UTC's motion, however, cannot be determined without reference to § 52-572m of the General Statutes which is the definitional section applicable to product liability action. Subsection (c) of the statute defines a "claimant" as "a person asserting a product liability claim for damages. . . ." A "product liability claim" is defined as including "all claims or actions brought for personal injury, death or property damage caused by the manufacture . . . of any product." General Statutes § 52-572m (b). "Harm" is defined as including "damage to property." General Statutes § 52-572m (d).

Statutes are construed as a whole and so as to reconcile all parts as far as possible. *Connecticut Theater Foundation, Inc.* v. *Brown,* 179 Conn. 672, 677, 427 A.2d 863 (1980). "In construing a statute and deter-

mining its purpose and scope, every part should, so far as possible, be made operative and harmonious with every other part." *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709 (1933).

The definitions contained in § 52-572m are expressly made applicable to § 52-240b.[1] When legislation contains specific definitions, the courts are bound to accept those definitions and can neither enlarge nor restrict the meaning of those terms. *Danbury* v. *Corbett,* 139 Conn. 379, 384, 94 A.2d 6 (1953). Accordingly, the legislative meaning attributed to the words "claimant" and "harm" are sufficiently broad to permit an award of punitive damages in connection with a product liability claim involving only damage to property.

It may be noted that this interpretation of the applicable statutory provisions governing product liability actions conforms to this state's common law standards governing the allowance of punitive damages in certain types of tort cases. In *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 487–90, 234 A.2d 825 (1967), the court found that an award of punitive damages was warranted in a suit alleging interference by the defendant with the rights of riparian owners where no personal injuries were alleged. The court held that punitive damages may be awarded when the evidence shows a reckless indifference to the rights of others, or an intentional and wanton violation of those rights, thereby establishing the existence of "[t]he essential circumstances of aggravation . . . with respect to the harm done to both the plaintiffs *and their property.*" (Emphasis added.) Id., 489.

In a jurisdiction where punitive damages are allowable as an appropriate form of relief, the test of whether they will be awarded in a particular case should not be

[1] "[General Statutes] Sec. 52-572m. PRODUCT LIABILITY ACTIONS. DEFINITIONS. As used in this section and sections 38-370*o*, 52-240a, *52-240b*, 52-572n to 52-572r, inclusive, and 52-577a . . . ." (Emphasis added.)

made to depend on the nature of the injury or the type of damage sustained, but on the nature and consequences of the wrongful conduct involved. See *Commercial Union Ins. Co.* v. *Upjohn Co.*, 409 F. Sup. 453 (W.D. La. 1976).

For the foregoing reasons the motion of the defendant, United Technologies Corporation, to strike the plaintiff's claim for punitive damages is denied.