[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD PRAYER FOR RELIEF (#103)
The plaintiff, Commissioner of Environmental Protection, brings this action in three counts. Subsequent to the filing of the instant motions, the parties stipulated to judgment as to the Second and Third Counts.
The First Count alleges the defendant to be owner and/or operator of facilities within the state for dispensing gasoline CT Page 4517 for retail sale, as such items are defined in Conn. Stat. Regs.22a-449(d)-1(a) (RCSA.) The complaint further alleges that from November 1989 through March 1990, seventeen sites containing sixty underground storage tank facilities owned and/or operated by the defendant were found to be in violation of various provisions of RCSA 22-449(d)-1 as set forth in an attached exhibit.
The plaintiff requests the following relief in the third prayer for relief:
 3. Pursuant to Conn. Gen. Stat. 22a-438, an order of the court requiring the defendant to forfeit to the state a sum not to exceed Ten Thousand Dollars ($10,000) per day for each day of violation of Conn. Gen. Stat. 22a-430 and 22a-450 and 22a-449(d)-1 of the Regulations of Connecticut State Agencies up to September 30, 1989, and a sum not to exceed Twenty-Five Thousand Dollars ($25,000) per day for each day of violation of Conn. Gen. Stat. 22a-430, 22a-450 and 22a-449(d)-1 of the Regulations of Connecticut State Agencies after October 1, 1989.
See Amended Complaint filed October 24, 1990. (Although the prayer requests the "forfeit" of a sum the Legislature amended the statute in 1989, to refer to a "civil penalty." Conn. Pub. Acts No. 89-270(4)(a).)
The defendant moves to strike the applicable portions of the third prayer for relief because: (1) the penalties imposed by General Statutes 22a-438 do not apply to an alleged violation of the Underground Storage Tank (UST) Regulations (RCSA 22a-449d-1 et seq.) and (2) General Statutes 22a-450
imposes a maximum penalty of five thousand dollars ($5,000) per violation and not ten thousand dollars ($10,000) or twenty-five thousand dollars ($25,000) as sought by the plaintiff pursuant to General Statutes 22a-438.
The motion to strike a prayer for relief should be granted if the relief demanded does not correspond to the allegations of the complaint. See Van Epps v. Redfield,68 Conn. 39, 44-45, 35 A. 809 (1896); American Airlines, Inc. v. National Automatic Products Company, 39 Conn. Sup. 269,477 A.2d 171 (1984).
This court is presented with the issue of whether the penalty provisions of General Statutes 22a-438 apply to alleged violations of such UST Regulations. The court in Waterbury Petroleum Products, Inc. v. Canaan Oil and Fuel Company, Inc., 193 Conn. 208, 231, 477 A.2d 988 (1984), stated CT Page 4518 that the "cardinal rule of statutory construction is to construe statutes in a manner which gives effect to the apparent intention of the legislature.
Robinson v. Unemployment Security Board of Review, 181 Conn. 1,6, 434 A.2d 293 (1980)."
The issue is whether the penalty provisions of General Statutes 22a-438 apply to UST Regulations. General Statutes22a-438, entitled "Forfeiture for violations. Penalties", which is part of Chapter 446K, General Statutes 22a-416 to22a-483 (Water Pollution Control), provides:
 (a) Any person who or municipality which violates any provision of this chapter, or section 22a-6 or 22a-7
shall be assessed a civil penalty not to exceed twenty-five thousand dollars, to be fixed by the court, for each offense. Each violation shall be a separate and distinct offense and, in case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The attorney general, upon complaint of the commissioner, shall institute a civil action in the superior court for the judicial district of Hartford-New Britain to recover such penalty. [In determining the amount of any penalty assessed under this subsection, the court may consider the nature, circumstances, extent and gravity of the violation, the person or municipality's prior history of violations, the economic benefit resulting to the person or municipality from the violation, and such other factors deemed appropriate by the court. The court shall consider the status of a person or municipality as a persistent violator.] The provisions of this section concerning a continuing violation shall not apply to a person or municipality during the time when a hearing on the order pursuant to section 22a-436
or an appeal pursuant to section 22a-437 is pending.
 (b) Any person who or municipality which wilfully with criminal negligence violates any provision of this chapter, or section 22a-6 or 22a-7 shall be fined not more than twenty-five thousand dollars per day for each day of violation or be imprisoned not more than one year or both. A subsequent conviction for any such violation shall carry a fine of not more than fifty thousand dollars per day for each day of violation or imprisonment for not more than two years or both. For the purposes of this subsection, person includes any responsible corporate officer. CT Page 4519
 (c) Any person who or municipality which knowingly makes any false statement, representation, or certification in any application, record, report, plan or other document filed or required to be maintained under this chapter, or section 22a-6 or 22a-7 or who falsifies, tampers with, or knowingly renders inaccurate any monitoring device or method required to be maintained under this chapter, or section 22a-6 or 22a-7 shall upon conviction be fined not more than ten thousand dollars for each violation or imprisoned not more than six months for each violation or both.
General Statutes 22a-438 (Rev. to 1989, as amended by Conn. Pub. Acts No. 90-222, 2, to include the language in brackets in subsection (a)).
The state regulations herein before referred to were authorized by the legislature in Sec. 22a-449(d) of the General Statutes, relative to the standards and criteria for non-residential underground storage of oil, petroleum and chemical liquids as defined in Sec. 22a-448. There is little question that the purpose of the statute is to address problems arising from the discharge, spillage, uncontrolled loss, seepage or filtration of oil and petroleum, chemical liquids and gases or hazardous wastes.
The foregoing state regulations are captioned "Non-residential Underground Storage of Oil and Petroleum Liquids."
Subsection (b) of the regulations tracks the language of the first sentence of Sec. 22a-430, i.e. the prohibition of discharges. Subsection (d) deals with reporting of such matters as life expectancy of underground tanks, abandoned facilities and failure determinations. "Failure determination" is defined as the evaluation of a facility component in accordance with subsection (i) of the regulations to determine whether a failure has occurred. "Failure" is defined as a condition that can (emphasis added) or does allow the uncontrolled passage of liquid into or out of a facility, including, but not limited to, a discharge to the waters of the state without a permit issued pursuant to Section 22a-430, C.G.S.
Subsection (k) prohibits the operation of an abandoned facility; and a temporarily out of use facility without giving prior written notice to the commissioner.
The thrust of the regulations is to require that owners of underground storage tanks meet criteria for installation, maintenance, operation, and abandonment of such tanks, so as to CT Page 4520 preclude the emission therefrom of any water, substance or material into the water of the state. The regulations include (a) outright prohibition, e.g. use of abandoned facilities, (b) reporting requirements; and (c) testing to determine whether a failure, as defined therein, has occurred. In short, the intent of the regulations is to prevent conditions from arising that can lead to a discharge prohibited by Section22a-430. Exhibit A sets forth in specific detail the alleged violations and the pertinent subsection of the regulations.
It is presumed that the legislature in enacting the statute giving authority to the Commissioner to adopt such regulations acted with the intention of creating a consistent body of law. Budkofsky vs. Commissioner of Motor Vehicles,177 Conn. 588, 592. In this instance, the legislature, having previously, in Sec. 22a-430 C.G.S., prohibited any discharge to the waters of the state without a permit, has acted to prohibit the existence of conditions that could lead to such discharges from underground storage tanks.
As Judge (now Justice) Borden stated in Pac vs. Upjohn Co., 21 Conn. App. 91, a violation of an order issued by the Commissioner renders the violator subject to the forfeiture provisions of 522a-438. A fortiori, the violation of a provision of a regulation, authorized under the provisions of Chapter 446K and adopted pursuant to Chapter 54, i.e. subject to approval of the legislative regulation review committee, would render such violator subject to the forfeiture provision of Sec. 22a-438. Such regulations have the force of statute. Pecker vs. Aetna C S Co., 171 Conn. 443, 449. The motion to strike the third prayer for relief is denied. The court notes that Section 22a-450 is no longer of concern in this suit because of the stipulated judgment mentioned supra.
BURNS, J.