[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Russell and Katherine Hartt, bring this action in five counts seeking compensatory damages and attorney's fees against each of four defendants for the sale of property located at 1209-1213 Foxon Road, North Branford, Connecticut, for failure to comply with General Statutes 522a-134 et seq. ("Transfer Act") upon the plaintiffs' discovery on the property of the presence of large quantities of hazardous waste. The defendant, Eli Schwartz ("Schwartz"), conveyed his property to the plaintiffs on March 14, 1986, prior to the effective date of the 1987 amendment to the Transfer Act.
The first and second counts, respectively, are directed to the defendant, Eli Schwartz, alleging (1) a violation of the Transfer Act, and (2) fraudulent non-disclosure. The third, fourth and fifth counts sound in legal malpractice and are directed to the other defendants.
On July 24, 1992, Schwartz filed a motion to dismiss count one of plaintiffs' complaint on the following grounds: (1) that the court has no jurisdiction to hear this matter because Schwartz' property does not meet the definition of "establishment", thus precluding plaintiffs' cause of action under the Transfer Act, and (2) that the plaintiff has pleaded a legal conclusion without sufficient facts to support it.
It should also be noted here that Schwartz simultaneously filed a motion to strike count two and paragraphs four, five and six of the prayer or relief from plaintiffs' complaint. This motion is dealt with later in this memo.
Specifically, count one claims that Schwartz failed to obtain either a "negative declaration" or a "certificate of cleanup" within the meaning of 22a-134a. The motion to dismiss count one asserts that the Transfer Act, effective on March 14, 1986, the date Schwartz transferred the property to plaintiffs, is not applicable to the conveyance because the Schwartz property was not an "establishment" as defined under General Statutes22a-134. Schwartz reasons that if his property was not an CT Page 2881 "establishment" the court is deprived of jurisdiction to hear count one of plaintiffs' complaint. Schwartz further asserts that in pleading the definition of his property as an "establishment", plaintiffs have improperly pleaded a legal conclusion without alleging sufficient facts to support it.
In response, the plaintiffs filed a memorandum of law in opposition to Schwartz's motion to dismiss the first count claiming (1) that a motion to strike is the proper pleading to test the legal sufficiency of the complaint, (2) that the allegation defining the property as an "establishment", while not tracking the exact working of the Transfer Act, has been adequately pleaded, and (3) that Schwartz waived his right to the hearing of a motion to dismiss by simultaneously filing a motion to strike.
Schwartz then filed a reply memorandum in support of his motion to dismiss. The attached exhibits include the legislative history of the Act and Amendment which purports to show that the legislature intended "establishment" to include only those properties generating hazardous waste at the time of transfer, not properties generating hazardous waste at any time since May 1, 1987. Regarding the plaintiffs' argument that Schwartz waived his right to raise subject matter jurisdiction by the simultaneous filing of a motion to strike, Schwartz argues subject matter jurisdiction is not waivable and, moreover, the motions are directed to different counts and paragraphs of the complaint.
On September 9, 1992, the plaintiffs filed a supplemental response to Schwartz's reply memorandum in which they also attach supporting documentation. That documentation also includes the legislative history of the Transfer Act as well as EPA documents which collectively purport to show that the purpose of the 1987 Amendment was to bring within the definition of "establishment" those properties on which hazardous waste activity had occurred since May 1, 1967, not just properties generating hazardous waste at the time ownership of property is transferred.
In addition to the motion to dismiss, Schwartz simultaneously filed the aforementioned motion to strike count two sounding in fraudulent non-disclosure, and paragraphs four, five and six of plaintiffs' prayer for relief seeking interest, costs and attorney's fees. Schwartz argues that the plaintiffs failed to allege the necessary elements to sustain a cause of CT Page 2882 action in fraudulent non-disclosure. The argument advanced against the prayer for relief is that no statutory or contractual basis exists for the claim of attorney's fees. Schwartz further argues that costs need not be specially pleaded because the court fixes costs. Likewise, Schwartz asserts that interest is an element of damages and, therefore, a matter of discretion for the court.
Plaintiffs filed a memorandum of law in opposition to the motion to strike asserting (1) that the facts in the complaint are legally sufficient, (2) that interest and costs are proper claims in the prayer for relief under General Statutes 37-3a and Practice Book 140 and 350, and (3) that attorney's fees are statutorily mandated pursuant to General Statutes 22a-134b.
I. Motion to Dismiss
"`Subject matter jurisdiction is the power of the Court to hear and determine cases of the general class to which the proceedings in question belong.'" LeConche v. Elligers,215 Conn. 701, 709, 579 A.2d 1 (1990), citing Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288,439 A.2d 997 (1981). A court has subject matter jurisdiction if it had the authority to adjudicate a particular type of legal controversy. LeConche v. Elligers, supra. "[E]very presumption is to be indulged in favor of jurisdiction." Id., 710. "A motion to dismiss admits all well-pleaded facts, involves the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The dispositive issue on this motion is whether the plaintiffs have pleaded sufficient facts to bring the defendant's property within the definition of "establishment" as provided in the 1985 Transfer Act. General Statutes (Rev. to 1989)22a-134a(3) provided: "`Establishment' means any establishment which generates more than one hundred kilograms of hazardous waste per month or which recycles, reclaims, reuses, stores, handles, treats, transports or disposes of hazardous waste which is generated by another person or municipality."
Defendant argues that the language of the complaint in paragraph 4, which alleges "that large quantities of hazardous waste had been generated. . .", fails to state a statutory requirement without which the court lacks subject matter jurisdiction. In challenging the statutory requirement that the CT Page 2883 subject property has generated one hundred kilograms of hazardous waste per month, the defendant is not testing the court's subject matter jurisdiction as claimed. In challenging the absence of the precise statutory language in the complaint, the defendant is, in effect, testing the legal sufficiency of the complaint rather than testing the court's jurisdiction.
Consequently, the proper procedural mechanism for addressing the question of whether the defendant's property qualifies as an "establishment" under 22a-134(3) is a motion to strike under Practice Book 152, rather than a motion to dismiss under Practice Book 142.
The second ground asserted by the defendant in his motion to dismiss that the plaintiff has pleaded a legal conclusion without sufficient facts to support it, likewise challenges legal insufficiency and should be raised in a motion to strike rather than a motion to dismiss.
Accordingly, the defendant's motion to dismiss is denied.
II. Motion to Strike — Count Two
"The purpose of the motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491, A.2d 368 (1985).
When testing the sufficiency of a pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982). However, "[t]he allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or cause of action, the motion to strike must fail." (Citation omitted.) Mingachos, supra, 108-09.
Plaintiff, in the second count sounding in fraudulent non-disclosure, alleging that Schwartz knew of the existence of the hazardous waste, knew that the plaintiffs would not have CT Page 2884 entered into the contract for the purchase of the property had they known of the existence of the hazardous waste and, finally, that Schwartz was under a duty to disclose its existence.
In the claim advanced by his motion to strike the second count, Schwartz argues that the plaintiffs failed to allege the necessary elements to sustain a cause of action for fraudulent non-disclosure.
"To constitute fraud by non-disclosure. . ., `there must be a failure to disclose known facts and . . . a request or an occasion or circumstance which imposes a duty to speak.'" Jackson v. Jackson, 2 Conn. App. 179, 194, 478 A.2d 1026 (1984), quoting Duska v. Middletown, 173 Conn. 124, 127, 376 A.2d 1099 (1977). "The key element in a case of fraudulent non-disclosure is that there must be circumstances which impose a duty to speak." Id., 194.
The circumstance imposing a duty upon Schwartz to speak in this case is the requirement of General Statutes 22a-134a that all transfers of hazardous waste establishments require either a negative declaration or certificate of cleanup. Schwartz, in failing to disclose the presence of tetracholorethylene, a hazardous waste within the meaning of 22a-115, withheld a "known fact". Therefore, the second count of the Hartts' complaint alleges acts sufficient to state a cause of action in non-disclosure, and Schwartz' motion to strike the second count is denied.
III. Motion to Strike — Prayer for Relief
Finally, Schwartz argues that paragraphs four, five and six of plaintiffs' prayer or relief seeking interest, costs and attorney's fees, respectively, should also be stricken. Defendant takes this position on the following grounds: (1) that interest is an element of damages awarded in the court's discretion, (2) that costs need not be specially pleaded because the court taxes costs, and (3) that no statutory or contractual basis exists for a claim of attorney's fees.
A motion to strike is the proper vehicle for challenging the legal sufficiency of a prayer for relief. Practice Book 140; Greengarden v. Kuhn, 13 Conn. App. 550, 553, 537 A.2d 1043
(1988). CT Page 2885
In light of the foregoing, the fact that interest and costs need not be claimed in the prayer for relief, does not render plaintiffs' claim for such relief legally insufficient. Accordingly, the motion to strike paragraphs four and five is denied.
The motion to strike a prayer for relief should be granted if the relief demanded does not correspond to the allegations of the complaint. VanEpps v. Redfield, 68 Conn. 39, 44-45,35 A. 809 (1806); American Airlines, Inc. v. National Automatic Products Company, 39 Conn. Sup. 269, 477 A.2d 171 (1984).
General Statutes 22a-134(b) provides:
 Failure of the transferor to comply with any of the provisions of sections 22a-134 to 22-134d, inclusive, entitles the transferee to recover damages from the transferor, and renders the transferor of the establishment strictly liable, without regard to fault, for all cleanup and removal costs and for all direct and indirect damages.
Accordingly, the motion to strike paragraph six praying for relief from attorney's fees is denied.
The motion to dismiss count one of plaintiffs' complaint is denied in that it does not go to subject matter jurisdiction and is, therefore, improper.
The plaintiffs have pleaded sufficient facts to state a cause of action in fraudulent non-disclosure. Accordingly, the motion to strike count two is denied. Likewise, the motion to strike paragraphs four, five and six of the prayer for relief are also denied.
Howard F. Zoarski, Judge CT Page 2886