[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to strike the defendant's counterclaim which alleges that the plaintiff's action was filed without probable cause and with malicious intent to unjustly vex and trouble the defendant. The complaint alleges that the defendant negligently caused the plaintiff to be injured when a bookshelf was caused to fall upon the plaintiff.
In its counterclaim, the defendant demanded double and treble damages pursuant to § 52-568 of the General Statutes. The motion to strike is grounded upon an asserted failure to state a claim upon which relief can be granted. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [nonmoving party]. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Faulkner v. United Technologies Corp., 240 Conn. 576, 580 (1997).
The motion to strike can be used to challenge the legal sufficiency of a counterclaim. Practice Book, § 152;Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,496 (1985). A claim for vexatious suit "requires a plaintiff to CT Page 8817 allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor."Zeller v. Consolini, 235 Conn. 417, 424 (1995). Section 52-568, General Statutes, provides that "[a]ny person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."
The requirement of alleging prior termination of an action "serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." Zeller v. Consolini, Id. The defendant contends that there is a distinction between a common law claim for vexatious litigation and a claim raised under § 52-568. However, the requirement of alleging the favorable termination of a prior suit applies to both common law and statutory actions for vexatious litigation. DeLaurentis v. New Haven, 220 Conn. 225, 238 n. 3 (1991); Vandersluis v. Weil, 176 Conn. 353, 356 (1978).
These decisions are binding upon the lower courts of the state notwithstanding occasional trial court decisions which are in apparent contravention. See Sonitrol Security Systems ofHartford, Inc. v. Department of Administrative Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702181 (November 10, 1992) (Schaller, J.) (expressing concern for judicial economy and avoidance of multiple lawsuits);Pattrell v. Avers, Superior Court, judicial district of Litchfield, Docket No. 049825, 11 CONN. L. RPTR. 346 (March 31, 1994) (Dranginis, J.) (denying motion to strike counterclaim for vexatious litigation on the ground that the "ability of the defendant to prove that the complaint is resolved in her favor, a necessary element of the claim for vexatious suit, may well be accomplished within the confines of this litigation"); and Sonnichsen v. Streeter,
4 Conn. Cir. 659, 666-67 (1967) (defendant allowed to recover on counterclaim for vexatious litigation in action brought without probable cause).
In Hydro Air of Connecticut, Inc. v. Versa Technologies,Inc., 99 F.R.D. 111 (D.Conn. 1983), the federal court, while allowing a counterclaim for vexatious suit, emphasized that a decision on the counterclaim could only be rendered following termination of the main suit although considering the merits of the claim with the main suit would allow for speedy resolution of CT Page 8818 the claim for vexatious litigation without the need for a separate trial. This reasoning was considered at length in YaleNew Haven Hospital v. Orlins, Superior Court, judicial district of New Haven, Docket No. 610396 (May 12, 1992) (Levin, J.) (6 CONN. L. RPTR. 364, 7 C.S.C.R. 711, 713).
The court noted that: "The Connecticut Supreme Court has repeatedly held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit . . . terminated inthe plaintiff's favor." (Emphasis added; internal quotation marks omitted). See, e.g., Zeller v. Consolini supra, ("In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor").
"The elements of the state statutory offense of vexatious suit are solely a matter of state substantive law. Whether such a claim may be asserted as a counterclaim is a matter of state procedural law. To the extent that Hydro Air purported to articulate a rule of state substantive law, this court is not bound to follow that decision." Yale New Haven Hospital v.Orlins, supra, 6 CONN. L. RPTR. 364, 7 C.S.C.R 714. "To the extent that Hydro Air was based on that federal court's considerations of `judicial economy' as expressed in the Federal Rules, it is settled that, while Connecticut courts also are especially concerned about matters of judicial economy . . . the Federal Rules of Civil Procedure can only have application to proceedings in the courts of the United States and cannot be applied to the practice or procedure in State Courts, nor affect the rights of parties in such Courts." (Citations omitted; internal quotation marks omitted.) Id.
While it may well be the case that the court in Hydro Air
relied on Sonnichsen v. Streeter, supra, as authority, it need only be pointed out that the Superior Court is not bound by the precedent the of former statutory Circuit Court which it replaced. Particularly where such precedent conflicts with a holding of the Supreme Court. Moreover, "[c]oncerns over judicial economy expressed by the court in Hydro Air are misplaced. Substantially different facts from the underlying action must be proved in vexatious litigation claim, and they require totally different evidence, so there is no real time saving by trying them together." Yale New Haven Hospital v. Orlins, supra, citingOsiqi v. Tenaglia, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 032477, 2 CONN. L. RPTR. 811 (November 16, 1990, CT Page 8819 Fuller, J.).
"Moreover, allowing a vexatious suit claim to be raised in a counterclaim to complaint would encourage the filing of such claims while at the same time discouraging the presentation of honest but uncertain causes of action to the courts in the original complaint." Osigi v. Tenaglia, supra.
A defendant cannot state a cause of action upon which relief can be granted in a counterclaim for vexatious suit. Accordingly, the motion to strike is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE