[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike the second count of the second amended complaint in the above-captioned product liability action, which is brought in the name of its insureds by Middlesex Mutual Assurance Company ("insurer"). An objection that the insurer has not brought the action in its own name is not before this court at this time.
In the challenged count, the insurer, as subrogee, seeks punitive damages pursuant to Connecticut General Statutes §52-240b for damages by fire caused to the home of its insureds. The insurer has alleged that "the harm suffered by the [sic] Kerry and/or Kathleen Greene and their family was the result of the defendant's reckless disregard for the safety of the coffeemaker's users, consumers, and others like Kerry and/or Kathleen Greene and their family, and the plaintiff is entitled CT Page 2512 to punitive damages in accordance with Connecticut General Statutes § 52-240b."
In its complaint, the insurer pleads that on April 11, 1993 a coffeemaker manufactured by the defendant started a fire at the home of the insureds and that the fire "severely damaged the structure of the dwelling and destroyed the personal property of the plaintiffs." (Second Amended Complaint., para. 7). The insurer alleges that it paid its insureds for their loss pursuant to a homeowner's policy of insurance. The insurer does not allege that its insureds suffered personal injuries or that it compensated them or any other claimant for personal injuries arising from the fire. The only damages alleged by the insurer are for damages to the property and living expenses (Second Amended Complaint, para. 13(a)-(d)).
The defendant has moved to strike on three grounds: lack of specificity in the pleading of reckless disregard; inapplicability of Connecticut General Statute § 52-240b to claims for property damage; and the unavailability to a subrogee of damages beyond its payments to its subrogors.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of any complaint to state as claim upon which relief can be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15 (1992); Practice Book § 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In adjudicating in a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Bohan v.Last, 236 Conn. 670, 675 (1996); Sassone v. Lepore,226 Conn. 773, 780 (1993) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. at 215; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
Scope of Conn. Gen. Stat. § 52-240b
The movant claims that punitive damages in products liability actions are available only if a claimant has suffered personal injuries, and not where the only losses are from damage to property. Conn. Gen. Stat. § 52-240b provides that "[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others CT Page 2513 who were injured by the product." The availability of punitive damages where the loss is only to property has not been decided by either of Connecticut's appellate courts, and the trial courts are divided in their construction of § 52-240b. This court finds that the better reasoned opinions construe that statute as permitting awards of punitive damages for harm to property as well as to persons. "Harm" is the key word of the statute set forth above. That term is defined in the Product Liability Act at Conn. Gen. Stat. § 52-572m(d) as follows:
 "Harm" includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, "harm" does not include commercial loss.
The wording of § 52-240b suggests that while reckless disregard is to be considered in the context of the likelihood of the defect causing bodily injury to users, punitive damages are recoverable for all harm in fact caused, since the word "harm" is defined in the Products Liability Act to include both damage to property and personal injury. The effect of this drafting is that a product seller that recklessly disregards the prospect that users will be injured is subject to the additional penalty that he may be assessed punitive damages as to all the harm actually caused, both to property and to people. Had the legislature meant to limit punitive damages to personal injuries, it would not have used the term "harm," which it presumptiontly knew included both damage to property and injury to persons. Exposure to liability for punitive damages for all of the losses actually caused is clearly a deterrent to conduct that could cause injury to persons. This court finds persuasive the reasoning and conclusion of the court in American Airlines, Inc. v. National AutomaticProducts Co., 39 Conn. Sup. 269 (1984). See also Hoboken WoodFlooring Corp. v. Torrington Supply Corporation, Inc.,42 Conn. Sup. 153 (1991) 5 CONN. L. RPTR. 220 (claim for punitive damages allowed where only property damage was claimed).
Scope of Recovery by Subrogee
The defendant asserts as an additional ground for its motion to strike that the insurer, as subrogee, is entitled to indemnity only to the extent of its actual payments to its insureds. The movant cites only the conclusion to that effect by a federal trial court in Utica Mutual Insurance Co. v. Denwat, 778 F. Sup. 592,594 (D.Conn. 1991). A more fundamental source of support CT Page 2514 for this point is the limitation on the right of subrogation set forth in the statute defining the permitted scope of the rights of an insurer that issues a homeowner's fire insurance policy. Conn. Gen. Stat. § 38a-307 sets forth the standard form authorized for such policies in Connecticut. With regard to subrogation, the authorized provision is as follows: "[T]his company may require from the insured an assignment of all right of recovery against any party for loss to the extent that paymenttherefor is made by this company." [Emphasis supplied].
The insurer has not alleged that it paid punitive damages to its insureds for the property damage arising from the fire claimed to have been caused by the dependant's allegedly defective product. Pursuant to the above cited provisions of § 38a-307, the insurer's right of recovery as subrogee is limited to what it has paid and does not extend to other sums that the insureds themselves might have recovered from the defendant pursuant to the Product Liability Act.
The Connecticut Supreme Court in Westchester Fire InsuranceCo. v. Allstate Insurance Co., 236 Conn. 362 (1996) recognized an insurer's right to subrogation in the context of uninsured motorist benefits and reversed an earlier ruling, Berlinski v.Ovellette, 164 Conn. 482 (1973), that had ruled such actions by insurers were barred by the prohibition against champerty. The Court reasoned that an insurer should have an opportunity "to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it." Westchester FireInsurance Co. v. Allstate Insurance Co., 236 Conn. at 373. This doctrine of equitable subrogation rests on the premise that the party seeking payment has in fact paid the amount that it seeks to recover from the party whose actions caused the harm. Id. This doctrine does not apply to an attempt to recover more than what was paid to the insured party. To allow an insurer to sue for damages that it has not in fact paid to its insured would not be the equitable shifting of a debt to the person who should be required to pay it because it caused the damage; rather, an insurer seeking to recover over and above its own payment is exercising an assignment of the cause of action of the injured party. In Westchester, the insurer was plainly seeking to recover from the tort feasor only the amount it had actually paid as uninsured motorist benefits, not some greater amount, and the reasoning of the case does not support subrogation rights as to amounts that the insurer has not paid. CT Page 2515
In an analogous situation, the Supreme Court held inAutomobile Insurance Co. v. Conlon, 153 Conn. 415 (1966) that an insurer that sued its insured under a subrogation agreement could recover only to the extent that the insured had actually recovered damages for property damage.
Conclusion
In view of this court's determination that Middlesex Mutual Assurance Co. may not assert a claim for punitive damages that it did not pay to its insured, it is unnecessary to determine whether the manner in which it pleads reckless disregard is sufficient to state a cause of action.
The motion to strike the claim of Middlesex Mutual Assurance Co. for punitive damages pursuant to Conn. Gen. Stat. § 52-240b
is granted.
HODGSON, J.