[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #135
The plaintiff has moved for summary judgment on the defendant Robert Shoemaker's counterclaim alleging that the plaintiff's claim constitutes vexatious litigation. This court concludes that because the defendant has not alleged the necessary element of prior litigation terminating in his favor, the motion for summary judgment should be granted.
A claim for vexatious suit requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. Zellerv. Consolini, 235 Conn. 417, 424, 667 A.2d 64 (1995). The requirement of alleging prior termination of an action "serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." Id.
The Connecticut Supreme Court has repeatedly held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit "terminated in the plaintiff's favor." (Emphasis added; internal quotation marks omitted.) Yale NewHaven Hospital v. Orlins, Superior Court, judicial district of New Haven at New Haven, Docket No. 610396 (May 12, 1992) (Levin, J.) (6 CONN. L. RPTR. 364, 7 CSCR 711, 713). See, e.g., Zeller v.Consolini, supra, 235 Conn. 424 (In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor).
These decisions are binding upon the lower courts of the state notwithstanding occasional trial court decisions which are in apparent contravention. See Sonitrol Security Systems ofHartford, Inc. v. Department of Administrative Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702181 (November 10, 1992) (Schaller, J.) (expressing CT Page 8119 concern for judicial economy and avoidance of multiple lawsuits);Pattrell v. Avers, Superior Court, judicial district of Litchfield, Docket No. 049825, 11 CONN. L. RPTR. 346 (March 31, 1994) (Dranginis, J.) (denying motion to strike counterclaim for vexatious litigation on the ground that the "ability of the defendant to prove that the complaint is resolved in her favor, a necessary element of the claim for vexatious suit, may well be accomplished within the confines of this litigation"); Sonnichsenv. Streeter, 4 Conn. Cir. 659, 666-67 (1967) (defendant allowed to recover on counterclaim for vexatious litigation in action brought without probable cause). Sarcione v. Yale New HavenHospital, Superior Court, Judicial district of New Haven at New Haven, Docket No. 392979 (September 30, 1997, Gray, J.) (20 CONN. L. RPTR. 495, 496).
In both the common law cause of action and the statutory action under § 52-568[1] the same principles apply, including the requirement that the original action must terminate in some way favorable to the defendant. Under these well-established concepts it is clear that he defendants do not have a cause of action against the plaintiff at this time for vexatious suit, and they cannot have a claim until they prevail in the underlying action. (Citations omitted; internal quotation marks omitted.)Sarcione v. Yale New Haven Hospital, supra,20 CONN. L. RPTR. 496, citing Yale New Haven Hospital v. Orlins, supra,6 CONN. L. RPTR. 364, 7 CSCR 714. As a result, it is impossible to use vexatious litigation as a counterclaim in the very suit that the defendant claims is vexatious. (Internal quotation marks omitted.) SeeRutenberg v. Rosenblit, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 353700,11 CONN. L. RPTR. 161 (March 14, 1994) (Hennessey, J.) and cases cited therein.
The court in Yale New Haven Hospital v. Orlins, supra,6 CONN. L. RPTR. 364, 7 CSCR 711, considered two cases commonly relied upon by superior courts which hold that a vexatious counterclaim is permitted: Hydro Air of Connecticut. Inc. v. Versa Technologies,Inc., 99 F.D.R. 111 (D.Conn. 1983) and Sonnichsen v. Streeter,supra, 4 Conn. Cir. 659. The court determined that the elements of the state statutory offense of vexatious suit are solely a matter of state substantive law. Whether such a claim may be asserted as a counterclaim is a matter of state procedural law. To the extent that Hydro Air purported to articulate a rule of state substantive law, this court is not bound to follow that decision. Yale New Haven Hospital v. Orlins, supra,6 CONN. L. RPTR. 364, 7 CSCR 714. CT Page 8120
To the extent that Hydro Air was based on that federal court's considerations of "judicial economy" as expressed in the Federal Rules, it is settled that, while Connecticut courts also are especially concerned about matters of judicial economy. The Federal Rules of Civil Procedures can only have application to proceedings in the Courts of the United States and cannot be applied to the practice or procedure in State Courts, nor affect the rights of parties in such Courts. Id. See also Sarcione v.Yale New Haven Hospital, supra, 20 CONN. L. RPTR. 496. This reasoning is equally persuasive with regard to Kale v. Hircsh,United States District Court, Docket No. 3:94CV01811 (AVC) (D.Conn. January 9, 1998), upon which the defendant relies.
 To the extent that the court in Hydro Air [and Hirsch] relied on the Circuit Court case of Sonnichsen v. Streeter, supra, as authority for allowing an action for vexatious suit to be brought as a counterclaim, it need only be observed, firstly, that this court, the Superior Court, is . . . not bound by the precedent of the former statutory Circuit Court . . . especially where that precedent conflicts with a holding of our Supreme Court. (Citations omitted; internal quotation marks omitted.)
Yale New Haven Hospital v. Orlins, supra,6 CONN. L. RPTR. 364, 7 C.S.C.R. 714. Furthermore, concerns over judicial economy expressed by the court in Hydro Air [and Hirsch] are misplaced. Substantially different facts from the underlying action must be proved in a vexatious litigation claim, and they require totally different evidence, so there would be no real time saving by tying them together. (Internal quotation marks omitted.) Id., citing Csigiv. Tenaglia, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 032477, 2 CONN. L. RPTR. 811 (November 16, 1990) (Fuller, J.). See also, Falcon v. U-Haul Co., Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 559724 (April 9, 1997) (Hennessey, J.) (finding concerns for judicial economy and avoidance of multiple suits unpersuasive).
Furthermore, by allowing a vexatious suit claim to be raised in a counterclaim to a complaint would encourage the filing of such claims while at the same time discouraging the presentation of honest but uncertain causes of action to the courts in the original complaint. Csigi v. Tenaglia, supra, Superior Court, Docket No. 032477, 2 CONN. L. RPTR. 811.[2] See also,Weichert Realtors v. Zink, Superior Court, judicial district CT Page 8121 of Stamford-Norwalk at Stamford, [raises the specter of inconsistent judgments] Docket No. 140213 (October 22, 1996) (Mintz, J.).
The reasoning of the superior courts which do not allow vexatious litigation counterclaims in the underlying action is persuasive.[3] Although the federal court system may have adopted a different standard for vexatious litigation claims based on promoting judicial economy, the state requirement of alleging the prior termination of a suit is clear. Furthermore, the goal of judicial economy is not substantially furthered by allowing vexatious litigation counterclaims. Accordingly, the motion for summary judgment is hereby GRANTED.
MELVILLE, J.