[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Before the court is an amended complaint by the plaintiffs, Alan M. Glazer, GLZR Acquisition Corporation and BFI Liquidating, Ltd. (collectively, the plaintiffs) against the defendant, The Dress Barn, Inc. The seven count complaint alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes §42-110a et seq.;[1] a failure to negotiate under New York law; negligent misrepresentation;[2] breach of contract; and promissory estoppel. The defendant has filed an answer, special defenses and counterclaims to the plaintiffs' complaint. The defendant's counterclaims allege: (1) abuse of process; and (2) vexatious litigation. The plaintiffs move to strike the defendant's counterclaims on the grounds that: (1) the defendant's abuse of process claim fails to state a legally sufficient cause of action; and (2) the defendant cannot bring a vexatious litigation claim while the underlying action is pending.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any counterclaim . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). CT Page 4437
First, the court will address the plaintiffs' motion to strike the first counterclaim alleging abuse of process. The defendant's counterclaim alleges that the plaintiffs' action was not brought for any legitimate purpose, but rather to force the defendant to pay money for a meritless suit as well as to shift the blame for the plaintiffs' financial problems. The plaintiffs argue that the defendant's counterclaim is legally insufficient because it does not allege the requisite elements of the cause of action. The plaintiffs contend that the defendant does not allege any specific misconduct on the part of the plaintiffs that was intended to cause a specific injury to the defendant which would occur outside the realm of normal litigation. The defendant responds that it has sufficiently alleged the elements required to set forth a claim of abuse of process.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.)Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987) see alsoNorthwestern Mutual Life Ins. Co. v. Estate of Greathouse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164835 (April 10, 2000, D'Andrea, J.). "To allege a viable cause of action for abuse of process, a claimant must point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." (Internal quotation marks omitted.) Norse Systems,Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 601-02, 715 A.2d 807
(1998); see also Lugo v. Rodriguez, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 258431 (January 13, 1992,Lewis, J.) (8 C.S.C.R. 244). In the present case, the defendant alleges that the plaintiffs brought the action in order to force the defendant to pay for the lawsuit as well as to shift the blame from the plaintiffs to the defendant. The court finds that these claims do not sufficiently allege any specific misconduct on the part of the plaintiffs, or that the plaintiffs intended to cause the defendant any specific injury beyond the normal scope of litigation proceedings. Consequently, the court finds that the defendant's allegations fail to sufficiently state a claim for abuse of process.[3] See Norse Systems, Inc. v. TingleySystems, Inc., supra, 49 Conn. App. 601-02. Accordingly, the plaintiffs' motion to strike the defendant's first counterclaim is granted.
Next, the court will address the plaintiffs' motion to strike the second counterclaim alleging vexatious litigation. The defendant's CT Page 4438 counterclaim alleges that the plaintiffs' action is vexatious because at the time of the commencement of the action there was not a good faith belief in the merits of the case. Additionally, the defendant's counterclaim alleges that the underlying action will have ended in the defendant's favor by the time of the trial on the vexatious litigation counterclaim.[4] The plaintiffs argue that the vexatious litigation claim is legally insufficient because the defendant cannot bring the claim when the underlying action is still pending. The plaintiffs argue that a vexatious litigation plaintiff must allege that the underlying action has terminated in its favor and that the defendant's prediction that the underlying action will have ended by the time of the trial on the counterclaim is not a proper allegation to sustain a claim for vexatious litigation. The defendant responds that it may allege a counterclaim for vexatious litigation while the underlying case is still pending.
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action . . . To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the [vexatious litigation] plaintiff's favor." (Internal quotation marks omitted.)DeLaurentis v. New Haven, 220 Conn. 225, 248, 597 A.2d 807 (1991). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." (Citations omitted; internal quotation marks omitted.) Zeller v. Consolini, 235 Conn. 417,424, 666 A.2d 64 (1995). Furthermore, "[a] claim [of vexatious litigation] is pled, if pled at all as a separate action when the [underlying] case is concluded." (Internal quotation marks omitted.)DeSimone v. Dino, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159293 (October 13, 1998, D'Andrea, J.).
As a preliminary matter, the court notes that the defendant primarily relies upon federal and circuit court decisions to support its proposition that an action for vexatious litigation may be brought as a counterclaim. See Kale v. Hirsch, District Court of Connecticut, Docket No. 3:94CV01811 (D. Conn. January 9, 1998); Pinsky v. Duncan, 898 F.2d 852,861 (2d Cir. 1990); Hydro Air of Connecticut v. Versa Technologies, F.R.D. 111 (D. Conn. 1983); Sonnichsen v. Streeter, 4 Conn. Cir. Ct. CT Page 4439 659, 666-67, 239 A.2d 63 (1967). The court in Yale New Haven Hospital v.Orlins, Superior Court, judicial district of New Haven at New Haven, Docket No. 610396 (May 12, 1992, Levin, J.) (6 Conn. L. Rptr. 364), discussed at length this very theory. The court opined that "[t]he elements of the state statutory offense of vexatious suit is solely a matter of state substantive law. Whether such a claim may be asserted as a counterclaim is a matter of state procedural law." Yale New HavenHospital v. Orlins, supra, 6 Conn. L. Rptr. 364, 367. The court stated that "[t]o the extent that Hydro Air was based on that federal court's considerations of "judicial economy' as expressed in the Federal Rules, it is settled that, while Connecticut courts also are especially concerned about matters of judicial economy . . . the Federal Rules of Civil Procedure can only have application to proceedings in the Courts of the United States and cannot be applied to the practice or procedure in state courts, nor affect the rights of parties in such courts." (Citations omitted; internal quotation marks omitted.) Id.
Additionally, the court stated that "[t]o the extent that the court inHydro Air relied on the Circuit Court case of Sonnichsen v. Streeter
. . . as authority for allowing an action for vexatious suit to be brought as a counterclaim, it need only be observed, firstly, that this court, the Superior Court, is . . . not bound by the precedent of the former statutory Circuit Court . . . especially where that precedent conflicts with a holding of our Supreme Court." (Citations omitted; internal quotation marks omitted.) Yale New Haven Hospital v. Orlins, supra,6 Conn. L. Rptr. 368. This court is persuaded by the reasoning in Yale NewHaven Hospital v. Orlins and finds that this court is not bound by federal or circuit court decisions. See also Bodek v. Productivity,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339298 (July 2, 1998, Melville, J.) (22 Conn. L. Rptr. 333);Sarcione v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 392979 (September 30, 1997, Gray, J.) (20 Conn. L. Rptr. 495). This court finds that this is especially the case in light of the Supreme Court's holding in Zeller v. Consolini, supra, 235 Conn. 417, 424 (vexatious litigation plaintiff must allege underlying action terminated in his or her favor). Moreover, this court previously has held that a claim for vexatious litigation cannot be brought until the underlying action has concluded. See DeSimone v. Dino, supra, Superior Court, Docket No. 159293. Consequently, the plaintiffs' motion to strike the defendant's second counterclaim is granted.
In conclusion, the defendant's counterclaims alleging abuse of process and vexatious litigation are legally insufficient. Accordingly, the plaintiffs' motion to strike the defendant's counterclaims is granted. CT Page 4440
So Ordered.
D'ANDREA, J.