### A. JAMES ZELLER ET AL. *v.* JOSEPH L. CONSOLINI ET AL.
### (15099)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

---

Argued September 26—decision released November 21, 1995

*Charles E. Oman III*, for the appellants (plaintiffs).

*Maureen E. Donahue*, for the appellees (defendants).

BORDEN, J. The plaintiffs appeal[1] from the judgment of the trial court in favor of the defendants, following the granting of the defendants' motion to strike the plaintiffs' amended complaint. In the first and third counts of the complaint,[2] the plaintiffs sought damages for tortious interference with a business relationship and vexatious litigation, respectively.[3] The plaintiffs

---

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 4023.

[2] The trial court also granted the defendants' motion to strike the second and fourth counts of the complaint. The plaintiffs do not challenge the propriety of that ruling on this appeal.

[3] There is some confusion in the record regarding whether the ruling of the trial court that is the subject of this appeal involves both the first and third counts or only the third count. In the plaintiffs' *fifth* amended complaint, they

claim that the trial court improperly concluded both that they had not been parties to certain underlying administrative proceedings and that, therefore, for purposes of the torts of interference with a business relationship and vexatious litigation, a termination of those proceedings in the plaintiffs' favor could not have occurred. We agree with the plaintiffs, and reverse the judgment of the trial court.

The plaintiffs' amended complaint alleged, and would permit the proof of, the following facts, which we must take as true for purposes of evaluating the propriety of the trial court's ruling on the defendants' motion to strike. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108–109, 491 A.2d 368 (1985). The plaintiffs are A. James Zeller

alleged, in count one, a claim for tortious interference with a business relationship and, in count three, a claim for vexatious litigation. The trial court granted the defendants' motion to strike that complaint, ruling that, as to both of those counts, the plaintiffs had not properly alleged that they had been parties to the underlying administrative proceedings involved in this case and that, therefore, "a termination in the plaintiffs' favor could not possibly have occurred."

The plaintiffs thereafter filed their *sixth* amended complaint, which is the complaint involved in this appeal. In that version of the complaint, the plaintiffs added the allegation that, they claim, cured the insufficiency identified by the trial court in its ruling on their fifth amended complaint. The defendants moved to strike the amended complaint, asserting the same insufficiency, with respect to both the first and third counts, that they had asserted with respect to the previous complaint. In its memorandum of decision granting the motion to strike, the trial court interpreted the plaintiffs' response to the motion as seeking only to preserve the viability of the third count.

While the case was on appeal, the plaintiffs moved to rectify the record to indicate that the trial court's ruling applied to both the first and third counts. The trial court, however, denied the motion to rectify, and the Appellate Court granted the plaintiffs' motion for review but denied the relief requested.

Nonetheless, it is apparent that the basis of both the first and second motions to strike was the same with respect to both the first and third counts, the basis of the trial court's rulings on both motions was the same, and the parties in this court have treated the trial court's ruling as applying to both the first and third counts. Under these circumstances, we consider the plaintiffs' appeal as applying to both the first and third counts.

and Torringford Commercial Associates Limited Partnership, a partnership in which Zeller is the general partner and owns the majority interest.[4] Zeller is the owner of thirty-six acres of land located at Route 183 and Route 202 in Torrington, on which the plaintiffs propose to build a shopping mall. The defendants[5] are members of an unincorporated association known as Neighbors Against the Mall.

In December, 1986, the plaintiffs applied to the Torrington planning and zoning commission for a zone change from R-15 (residential) to CIR (restricted commercial and industrial) of twenty-eight of the thirty-six acres. The planning and zoning commission granted that application in March, 1987. Certain defendants appealed from the decision of the planning and zoning commission to the Superior Court, *Pickett, J.*, which dismissed their appeal in August, 1988. The defendants sought certification to appeal further to the Appellate Court, which that court denied.

In March, 1988, the plaintiffs applied to the planning and zoning commission for a zone change of forty-nine and one-half acres of land at Routes 183 and 202, including the twenty-eight acres that had been previously rezoned in 1987. The purpose of this application was to expand the restricted commercial and industrial

[4] Although the issues involved in this appeal, and the claims of the parties advanced with respect thereto, arguably might differ as between Zeller and the limited partnership, neither the trial court nor the parties have focused on any such difference, and have throughout these proceedings treated the two as interchangeable. We therefore do likewise. We need not address, therefore, the situation where, for example, the property owner is not also the majority interest holder in the developer partnership and where the court and parties have not treated the two as interchangeable.

[5] The defendants are Joseph L. Consolini, Elizabeth J. Consolini, Robert A. Rizzo, Conio C. Lopardo, Marlene R. Lopardo, Robert A. Gioiele, Donna J. Gioiele, Ronald Clifford, Richard S. Gryniuk, Mary Jane Gryniuk, Edward M. Brady, Louise H. Brady, Richard Bascetta, Kathleen Bascetta, Isobel B. Roberts, Richard R. Dwan and Georgette T. Dwan.

zone from twenty-eight acres to forty-nine and one-half acres. In August, 1988, the planning and zoning commission approved this zone change, together with a development plan filed by the plaintiffs for a shopping mall at the site. Certain defendants appealed from that action to the Superior Court, *Reifberg, J.*, which dismissed their appeal in September, 1990. The defendants sought certification to appeal further to the Appellate Court, which that court denied.

In February, 1990, the Torrington inland wetlands commission granted a permit to the plaintiffs in connection with the development of the mall. Certain defendants appealed from that decision to the Superior Court, *Susco, J.*, which dismissed their appeal in July, 1991. Following the grant of the defendants' certification by the Appellate Court, that court, in September, 1992, affirmed the judgment of the Superior Court dismissing the defendants' appeal from the decision of the inland wetlands commission.

Meanwhile, in February, 1992, the defendants filed an application with the planning and zoning commission for a zone change from restricted commercial and industrial to industrial park for Zeller's property, the same property as was the subject of the previous appeals. Pursuant to General Statutes § 8-3 (b),[6] Zeller filed a protest against the defendants' request for a

---

[6] General Statutes § 8-3 provides in relevant part: "Establishment and changing of zoning regulations and districts. Enforcement of regulations. Certification of building permits and certificates of occupancy site plans. District for water-dependent uses. . . . (b) Such regulations and boundaries shall be established, changed or repealed only by a majority vote of all the members of the zoning commission, except as otherwise provided in this chapter. If a protest against a proposed change is filed at or before a hearing with the zoning commission, signed by the owners of twenty per cent or more of the area of the lots included in such proposed change or of the lots within five hundred feet in all directions of the property included in the proposed change, such change shall not be adopted except by a vote of two-thirds of all the members of the commission."

zone change of his property. The planning and zoning commission denied the defendants' application, and the defendants appealed from that denial to the Superior Court.

In July, 1992, pursuant to Practice Book § 99,[7] Zeller moved to intervene as a matter of right as a party defendant in the appeal, and the court granted that motion in September, 1992. In March, 1993, the trial court, *Dranginis, J.*, dismissed the defendants' appeal.

In the amended complaint in this case, the plaintiffs also alleged that, in June, 1991, prior to the defendants' application to rezone Zeller's property, the plaintiffs had contracted to sell the property to Conroy Development Company (Conroy) of New York for $4,300,000, conditioned on the plaintiffs' ability to deliver to Conroy a final, nonappealable zoning certificate and zoning approvals regarding the property. The defendants knew of this contract from its inception, and had filed the application for zone change and the subsequent appeal with that knowledge.

The plaintiffs' complaint further alleged that, given all of these facts and circumstances, the defendants' application for a zone change of Zeller's property, and their subsequent appeal from the denial of that application, were initiated in bad faith and with malice, with the intent to harass and intimidate the plaintiffs, and to interfere with the plaintiffs' contract with Conroy. The complaint also alleged that these actions by the defendants culminated in proceedings that ended in the plaintiffs' favor, and were brought without probable

---

[7] Practice Book § 99 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."

cause and with a malicious intent unjustly to vex and trouble the plaintiffs.

The trial court, *Pickett, J.*, granted the defendants' motion to strike, on the ground that Zeller was not a "party" to the zoning application proceedings or to the subsequent judicial appeal therefrom. The trial court noted that it was necessary for the plaintiffs to allege that the underlying proceedings that formed the basis of the plaintiffs' claims had terminated in their favor. In the trial court's view, because the plaintiffs had not been parties to the underlying proceedings, for the purposes of the torts alleged, those proceedings could not, as a matter of law, have terminated in their favor.

The trial court reasoned that the zoning proceeding was solely between the defendants and the planning and zoning commission, and that Zeller had entered those proceedings of his own volition. With respect to the judicial appeal, the court reasoned similarly that Zeller had become a party through his own motion to intervene. In the trial court's view, the fact that Zeller's participation in both the underlying administrative proceedings and the subsequent judicial proceedings had come about through his own efforts, rather than by virtue of action by the defendants against the plaintiffs, compelled the conclusion that the plaintiffs had not been parties to those underlying proceedings and that, as a consequence, "for purposes of stating a claim for vexatious litigation, a termination in the plaintiffs' favor could not have occurred." The trial court rendered judgment for the defendants, and this appeal followed.

The plaintiffs claim that the trial court improperly concluded that the facts alleged in their complaint were insufficient to constitute allegations that, for purposes of the torts of interference with a business relationship and vexatious litigation, the underlying proceedings terminated in the plaintiffs' favor. We agree.

"We have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. *Vandersluis* v. *Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978); *Calvo* v. *Bartolotta*, 112 Conn. 396, 397, 152 A. 311 (1930); *Schaefer* v. *O. K. Tool Co.*, 110 Conn. 528, 532, 148 A. 330 (1930). In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. See, e.g., *Rainier's Dairies* v. *Raritan Valley Farms, Inc.*, 19 N.J. 552, 565–66, 117 A.2d 889 (1955). The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." *Blake* v. *Levy*, 191 Conn. 257, 263–64, 464 A.2d 52 (1983). The same requirement applies to a claim for tortious interference with a business relationship arising out of previous litigation. Id., 263–66.

We have also recognized that, for purposes of the tort of vexatious litigation, the previous litigation that terminated in the plaintiff's favor may be an administrative, rather than a judicial, proceeding. *DeLaurentis* v. *New Haven*, 220 Conn. 225, 248–49, 597 A.2d 807 (1991). The same rule governs the tort of interference with a business relationship. See *Blake* v. *Levy*, supra, 191 Conn. 263–64.

Application of these general principles to the facts of this case leads us to conclude that the plaintiffs' complaint contained sufficient allegations that the previous proceedings—the zoning proceedings in which the defendants sought to rezone Zeller's property, and the judicial appeal therefrom—terminated in the plain-

tiffs' favor.[8] In their complaint, the plaintiffs alleged that they had participated in the zoning proceedings by filing a protest under § 8-3 (b), and the complaint would also permit proof that the plaintiffs had appeared and argued against the attempt by the defendants to have Zeller's property rezoned. With respect to the judicial appeal from the zoning proceeding, Zeller formally intervened as a party defendant, as he had the right to do. Practice Book § 99.

Thus, in both proceedings, the plaintiffs were "parties" in both a legal and a practical sense. It was, after all, Zeller's property that was the subject of both proceedings. The plaintiffs intervened in both proceedings in accordance with the rights afforded to them by law. Furthermore, they participated in both proceedings to the extent permitted by law, in order to protect the zoning classification that they had previously secured for his property. It would defy reality to regard either proceeding as solely between the defendants and the planning and zoning commission.

The fact that the plaintiffs' participation in either proceeding came about by virtue of the plaintiffs' actions does not alter this analysis. They cannot be penalized by the procedural posture of a typical zoning proceeding or appeal. The most feasible—indeed, perhaps the only—way that a property owner can protect his property rights against the attempt by others to have his property rezoned against his will is by following the course of conduct taken by the plaintiffs.

We conclude, therefore, that, for purposes of the facts alleged, the plaintiffs were parties to the zoning proceeding and the judicial appeal therefrom. It follows,

[8] For purposes of this analysis we assume, without deciding, that in order for a plaintiff successfully to assert that previous litigation terminated in its favor, it is necessary that the plaintiff had been a "party" to that litigation. But see *Blake* v. *Levy*, supra, 191 Conn. 257.

then, that the denial by the planning and zoning commission of the defendants' application to rezone Zeller's property, and the dismissal by the court of the defendants' appeal from that action, constituted terminations of those proceedings in the plaintiffs' favor.

The judgment is reversed in part, and the case is remanded with direction to deny the defendants' motion to strike as to the first and third counts of the amended complaint, and for further proceedings according to law.

In this opinion the other justices concurred.