[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
On March 1, 1999, this court denied the motion to strike the complaint of the defendant James Caporizo. The defendant filed a motion to reargue and requested that the court reconsider or clarify its decision. The court granted the defendant's motion to reargue, and heard oral argument on August 9, 1999. Based upon a reexamination of the memoranda, case law and the relevant arguments of the parties, the court concludes that its initial decision denying the defendant's motion to strike was erroneous. Therefore, this court vacates its earlier ruling and grants the defendant's motion to strike.
The plaintiff Stop Shop Supermarket Co. filed the present action alleging that the defendant maliciously and without probable cause undertook a mandamus action and zoning appeal against a limited partnership known as Stamford Ridgeway Associates, L.P. (Ridgeway) The facts pertinent to this motion, as alleged in the complaint, are as follows: Ridgeway owned at all relevant times a shopping center in Stamford. Prior to December 1993, Ridgeway applied to the Stamford Zoning Board to establish a new zoning district which would permit the building of a large grocery supermarket. At that time the plaintiff planned to build such a store at Ridgeway's shopping center. The Stamford Zoning Commission voted to approve the establishment of the new zoning district and permitted Ridgeway's shopping center to change its zoning designation. By 1995, the Stamford Zoning Board also gave its approval to the final site and architectural plans for Ridgeway's shopping center. The defendant did not appeal any of these decisions within the time permitted by law.
In November 1995, the Stamford Zoning Enforcement Officer Anthony Strazza certified that Ridgeway's building plans conformed to all provisions of the Stamford Zoning Regulations. The defendant filed an appeal from the decision of the building CT Page 14861 inspector with the Stamford Zoning Board of Appeals (ZBA) claiming that the building plan "presumes that the `property' was re-zoned" and that the new zoning district "was never legally adopted." The defendant did not contest the fact that the building plans fully complied with the new zoning district. The ZBA, without authority to hear appeals of the Stamford Zoning Commission, refused to consider the defendant's claims. The defendant filed an appeal to the Superior Court of the ZBA's decision and filed a separate action in the Superior Court seeking a writ of mandamus that would force the ZBA to hear his appeal. The Superior Court dismissed the defendant's appeal. SeeCaporizo v. Zoning Board, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150391 (June 12, 1997,Mintz, J.) (19 Conn. L. Rptr. 607). On October 27, 1997, the defendant withdrew his mandamus action just prior to giving a deposition in that case. The plaintiff, a partner in Ridgeway, suffered damages as a result of the defendant's zoning appeal and mandamus actions.
In ruling upon a motion to strike, courts "take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . A motion to strike admits all facts well pleaded. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Bell v. Board of Education,55 Conn. App. 400, 404, ___ A.2d ___ (1999).
"[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit terminated in the plaintiff's favor." (Internal quotation marks omitted.) Zeller v. Consolini,235 Conn. 417, 424, 666 A.2d 64 (1995). The defendant claims that the court should have granted its motion to strike because the plaintiff was not a party to the prior litigation which the plaintiff claims was vexatious. Therefore, it is impossible for the plaintiff to allege that the prior litigation terminated in its favor. The plaintiff insists that it was directly damaged as a result of the defendant's vexatious litigation because it was a partner in Ridgeway and the defendant's lawsuits delayed the opening of its large retail facility at the Ridgeway shopping center, resulting in lost profits. In addition, its complaint states that the mandamus action and zoning appeal terminated in its favor. The court has found no Connecticut cases discussing CT Page 14862 this specific issue. However, both parties have mentioned Connecticut cases that have considered vexatious litigation issues. Both parties also cite a plethora of cases from other jurisdictions in support of their respective positions. CompareHyer v. The Citizens Southern National Bank in Macon,373 S.E.2d 391, 394 (Ga.App. 1988) (holding that the plaintiff must state sufficient facts to support a finding that she was a foreseeable victim of the alleged abusive litigation) withJackson v. Kessner, 618 N.Y.S.2d 635, 637 (App.Div. 1994) ("It is axiomatic that only a party to the proceeding complained of is entitled to maintain an action for malicious prosecution"). Instead of adopting the reasoning of this persuasive authority, the court will consider the policies and language used by Connecticut courts involving somewhat similar issues.
The Connecticut Supreme Court has stated that under the "general rule" courts limit "the tortfeasor's liability to the person directly harmed." See Mendillo v. Board of Education,246 Conn. 456, 484-85, 717 A.2d 1177 (1998). In Mendillo, the court considered whether to recognize a cause of action for loss of parental consortium. Id. In making its determination, the court assessed the social costs of creating a large number of potential plaintiffs with the limited social benefits such actions would entail. Id., 487-89. The court held that "the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tortfeasor to compensate the children of the person whom the tortfeasor has harmed directly for their loss of consortium with their parent." Id., 484-85. This court concludes that the type of loss suffered by the plaintiff in Mendillo and the plaintiff in the present case are substantially similar. An individual who suffers a loss because of someone's vexatious litigation against another party sustains as much of a "direct" loss as a person who loses the consortium of a parent. In the present case, it is impossible for the plaintiff to claim that the alleged vexatious litigation terminated in its favor because it was not a direct victim of the alleged vexatious lawsuits.
Regardless of the reasoning in Mendillo, the plaintiff argues that it may state a cause of action for vexatious litigation because it was a party in a practical sense to the defendant's vexatious lawsuits. The plaintiff is a partner and tenant of Ridgeway. The complaint states that the purpose of the defendant's lawsuits were to "prevent Stop Shop from developing a Stop Shop superstore in the Ridgeway Shopping Center." In CT Page 14863Zeller v. Consolini, supra, 235 Conn. 425, the court considered whether a property owner who intervened in a zoning appeal concerning the possible rezoning of his property could state a cause of action for vexatious litigation. The Connecticut Supreme Court, assuming but not deciding whether an individual must be a "party" to the previous litigation in order to state a cause of action for vexatious litigation, stated: "[I]n both proceedings, the plaintiffs were `parties' in both a legal and a practicalsense." (Emphasis added.) Id., 425 425 n. 8. The plaintiff insists that it was a party to the prior actions in a practical sense because the zoning appeal and mandamus action directly damaged their interest in building a large grocery facility at the Ridgeway's shopping center. The defendant argues that unlike the plaintiff in Zeller the plaintiff did not allege that it participated in the proceedings to the extent of the rights afforded to them by law.
In its complaint, the plaintiff alleges that Ridgeway intervened in the relevant case, but does not allege that the plaintiff intervened. Despite the alleged injury to the plaintiff, the allegations also indicate that it was Ridgeway's property that was the subject of the litigation, not the plaintiff's property. Therefore, the court concludes that the plaintiff may not properly state a cause of action for vexatious litigation against the defendant under this theory because it did not allege that it was a party to the prior litigation in either a legal or practical sense. The plaintiff has not alleged that its property was the subject of the vexatious litigation and it cannot properly claim that the prior action terminated in its favor. This court believes that the plaintiff's relationship to the prior litigation is too attenuated to be the basis for such a claim. If the court permitted Stop Shop to bring such a claim, it is foreseeable that every tenant in Ridgeway's shopping center, every potential tenant and every neighboring business, could claim a right to sue the defendant for any lost business that they may have sustained as a result of the delay in the plaintiff opening its store. Based upon the Connecticut Supreme Court's reasoning in Mendillo v. Board of Education, supra,246 Conn. 487-489 concerning the tremendous social cost of such indirect actions, the court believes that it is appropriate to limit recovery for vexatious litigation to individuals with a greater involvement in the prior proceedings than the plaintiff has alleged in the present case.
The plaintiff also cites Superior Court cases claiming that CT Page 14864 they support the proposition that the plaintiff does not need to be a party to the alleged vexatious litigation. In Carr v. Carr, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 074836 (May 21, 1998, Walsh, J.) (22 Conn. L. Trib. 119), the fiduciaries of the estate of a decedent filed a complaint alleging vexatious litigation against certain defendants for bringing a frivolous will contest to the probate court and appealing that decision to the Superior Court. The court held that proceedings of a probate court may constitute the basis for a vexatious litigation claim. Id. This court concludes that this case is distinguishable because fiduciaries of an estate act as parties in a practical sense in a will contest. The plaintiff in the present action does not allege that it participated at all in the zoning appeal or mandamus proceeding. This court acknowledges that this is a close case and that the plaintiff has alleged that the purpose of the defendant's lawsuits were "to prevent Stop Shop from developing a superstore in the Ridgeway Shopping Center." However, this court concludes that the plaintiff's failure to allege that it participated in the prior proceedings or that its property was the subject of the litigation makes it impossible to state that the prior proceedings terminated in its favor.[1]
Based upon the foregoing, the court concludes that its prior ruling was in error. Therefore, the defendant's motion to strike the complaint is granted.
HICKEY, J.