[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, pro se, brings this action in two counts. The first count is against the defendant Planning and Zoning Commission of the Town of Columbia. The plaintiff seeks a writ of mandamus directing the PZC to enforce the "Conditions" which attached to its 25 October (1979) Special Permit . . . requiring the developer to convey land not presently contained in building lots to an entity known as Mono Lake Association, Inc. The second CT Page 16670 count of the complaint seeks to require Mono Lake Association, Inc. to call a special meeting.
As to the first count of the complaint the defendant PZC, Town of Columbia (mistakenly stated as plaintiff) moves to strike the complaint for failure to join a necessary party. The second count of the complaint is not directed to this defendant.
The first count of the complaint, in 108 paragraphs, alleges that the developer, Mono Lake Estates, Inc., owned 450 ± acres of land. That in mid 1979 Mono Lake Estates Inc. made application to the PZC for a 15 lot cluster design subdivision, which was granted by the PZC on October 25, 1979. The fifteen lot permit consisted of 25.85 acres of the 450 ± acre tract. He claims that under the regulations the balance of the land, (450 ± less 25.85) was required to be held in some type of legal entity, or deeded to the town.
The plaintiff claims that thereafter, in 1983 the developer applied for and was granted permission to develop an additional twenty five lots. Residential structures have been constructed on each of these lots. In 1984 and in 1986 an additional twenty two lots, and an additional forty two lots, were applied for and were granted. A residential structure has been constructed on all of but one of these sixty four additional lots.
The plaintiff claims that all of the aforesaid 104 lots "have questionable if not defective titles."
It is obvious that if the plaintiff's analysis of the effect of the zoning applications and the subsequent deeds were to be accepted, title to the 104 lots would be questionable. It should further be obvious that any litigation which has the result of affecting the title to the land of another cannot proceed without the presence of that other party, thereby providing to that party the constitutional requirement of notice and an opportunity to be heard. See Zeller v. Consolini, 235 Conn. 417, 425 (1995); Birov. Hill, 214 Conn. 1, 5, 6 (1990); Hilton v. New Haven,233 Conn. 701, 722 (1995), where the court stated "Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without affecting that interest." Id. p. 722.
Further, and most directly in point, ". . . where the performance of a duty will adversely affect the right of a third CT Page 16671 person, the determination to enforce the duty cannot be made unless the person whose rights may be so affected is made a party to the proceedings." This rule specifically pertains to mandamus.Meridith v. Police Commission, 182 Conn. 138, 140 (1980).
As well as the owners of the lots, the complaint further sets forth a number of entities who claim interests in the land not covered by the lots themselves. These entities would also be necessary indispensable parties. See plaintiff's claims for relief, #4(1) through 4 (11).
The fact that the plaintiff, in his claims for relief seeks to "reconfirm the validity of the present titles" to the 104 lots does not cause the owners to not be necessary parties. If the facts were to prove that their titles were defective or clouded the court could not be asked to reject its own conclusion — seven if that were to be what a party desired. Further, an attempt to enhance the title to the land of another raises the question of standing, which effects subject matter jurisdiction. Practice Book Section 11-3 states that the exclusive remedy for non-joinder is by motion to strike. Practice Book Section 10-39
requires that the moving party give the name and residence of the missing party. That has been accomplished. The Supreme Court has affirmed that the motion to strike is the proper method to raise the question of non-joinder. Meridith v. Police Commission,
supra, pp. 140, 141.
Decision on the motion to strike the first count of the complaint must be deferred. As provided by Sections 52-107 and52-108 the plaintiff is permitted to summon in all of the necessary parties. Practice Sections 10-44, 10-45
notwithstanding, if the plaintiff chooses to cite in the missing parties within a reasonable period of time then the first count may proceed to further pleading. If not, the court, on motion to reclaim will strike the first count, for non-joinder. For the proper procedures see Meridith v. Police Commission,182 Conn. 138, 141 (1980). Hence, court action on the Motion to Strike the first count is appropriately deferred.
L. Paul Sullivan, J.