[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
CT Page 9774
By writ, summons and complaint dated April 7, 1995 (former action), Harlow, Adams Friedman, P.C. (Harlow, Adams Friedman) commenced an action on behalf of F. Gary Honulik and Michelle Honulik (the Honuliks),[1] against Thomas P. Greenawalt, Mark Greenawalt, Donna Marie Sedgwick, BHCC Corporation, Hirsch Construction Company, Inc. and Birch Hill Construction Limited Partnership (hereinafter collectively referred to as plaintiffs)[2] alleging a variety of claims relating to defects in workmanship and materials in a home that the Honuliks purchased from Birch Hill Construction Limited Partnership (Birch Hill). The Honuliks engaged in negotiations with Birch Hill with respect to various claims relating to exterior painting and siding that culminated in the execution of a settlement agreement and general release, both dated October 8, 1996. Pursuant to that settlement agreement, the Honuliks agreed to delete from said complaint all reference to the alleged defects in the painting of the exterior home and to execute said general release in favor of Birch Hill.
On or about July 13, 1999, Harlow, Adams Friedman, filed an amended revised complaint in the former action to include claims pertaining to bubbling and peeling of the exterior paint. On or about September 29, 1999, the plaintiffs filed a motion to preclude, requesting that the court enter orders requiring the revision of the complaint in the former action to delete any and all claims pertaining to bubbling and peeling of the exterior wall paint and to preclude the offering of evidence in proof thereof. On or about the same day, the plaintiffs filed a request to revise the amended revised complaint. On September 30, 1999, the court, Rush, J., after conducting a hearing with respect to the motions to preclude and revise, ordered the deletion of the allegations pertaining to the bubbling and peeling paint. Thereafter on November 22, 1999, Harlow, Adams Friedman filed an amended revised complaint deleting any and all reference to the bubbling and peeling paint on the exterior of the home.
On February 28, 2000, the plaintiffs filed an eleven-count complaint against the defendants asserting, inter alia, claims for vexatious litigation and abuse of process. The defendants now move to strike counts one through five, eight and eleven. The defendants have submitted a memorandum of law in support of their motion and the plaintiffs have submitted a memorandum of law in opposition thereto.
"[A] motion to strike challenges the legal sufficiency of a pleading CT Page 9775 and, consequently, requires no factual findings by the trial court. . . . [The court will] take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, ___ A.2d ___ (2000).
The defendants move to strike the vexatious litigation and abuse of process claims on the ground that the plaintiffs have failed to allege all of the elements of the causes of action. Specifically, the defendants argue that the plaintiffs have failed to allege that the prior litigation terminated in their favor. Because the plaintiffs failed to allege that the prior litigation terminated, the defendants argue that the claims violate the public policy of the cause of action. The defendants also argue that the plaintiffs' herein abuse of process claims should be stricken because they have failed to allege both an unlawful or improper purpose and that the primary purpose of the actions was unlawful or improper.
The plaintiffs, in opposition to the motion, argue that they have alleged legally sufficient vexatious litigation and abuse of process claims. With respect to the vexatious litigation claims, the plaintiffs argue that a complete termination of the prior litigation is not required. In support of the abuse of process claims, the plaintiffs argue that the defendants are asserting inadequate factual allegations, which they argue, is properly raised on a request to revise.
 A Vexatious Litigation
"[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiffs favor. . . . In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." (Citations omitted; internal quotation marks omitted.) Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64 (1995). CT Page 9776
"Courts have taken three approaches to the "termination' requirement. The first, and most rigid, requires that the action have gone to judgment resulting in a verdict of . . . no liability, in the civil context. The second permits a vexatious suit action even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff was . . . not liable, in the civil context. The third approach, while nominally adhering to the "favorable termination' requirement, in the sense that any outcome other than a finding of . . . liability is favorable to the accused party, permits a . . . vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without . . . a settlement favoring the party originating the action." DeLaurentis v. New Haven, 220 Conn. 225,250, 597 A.2d 807 (1991).
In the present case, the plaintiffs allege that the previous litigation was commenced maliciously and without probable cause. However, the plaintiffs fail to allege the termination of the previous action in its favor. Because an allegation that the previous action terminated in its favor is required; see Zeller v. Consolini, supra, 235 Conn. 424; the plaintiffs have failed to allege legally sufficient vexatious litigation claims. Therefore. counts one. two and four are stricken.
 B Abuse of Process
"Abuse of process occurs when someone uses a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Jackson v. R. G.Whipple, Inc., 225 Conn. 705, 720, 627 A.2d 374 (1993). "[T]he gravamen of the action for abuse of process is the use of "a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . [T]he addition of "primarily' is meant to exclude liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.'" (Citations omitted; emphasis in original.) Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987).
The plaintiffs allege that. with respect to the exterior paint on the house, the defendants pleaded and prosecuted a claim without probable cause and with malicious intent. However. the plaintiffs fail to allege that the defendants used legal process in an improper manner or to accomplish an unlawful purpose. See Jackson v. R. G. Whipple, Inc.,
supra. 225 Conn. 720. The plaintiffs also fail to allege that the CT Page 9777 defendants primary purpose in resorting to legal process was to accomplish a purpose for which is was not designed. See Mozzochi v.Beck, supra. 204 Conn. 494. Because the plaintiffs have failed to allege all the elements of an abuse of process claim, the counts three, five, eight and eleven are stricken.
Based upon the foregoing, the defendants motion to strike counts one, two, three, four, five, eight and eleven is granted.
JOHN W. MORAN, JUDGE