[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#107)
 FACTS
On April 11, 2001, the plaintiff, Milan Cais, filed a revised six count complaint against the defendant, Citizens Bank of Connecticut. The complaint alleges that the defendant's predecessor in interest, First Federal Savings and Loan Association, loaned the plaintiff $24,000 in exchange for a note secured by a mortgage on property owned by the plaintiff in East Haddam. The complaint alleges that the defendant filed two foreclosure actions against the plaintiff, after it acquired the note and mortgage, without cause, in order to induce the plaintiff into making payments which were not yet due and owing on the note and mortgage. The defendant subsequently abandoned both of these actions.
In count one, the plaintiff alleges a cause of action for vexatious litigation. In counts two and three, the plaintiff alleges a cause of action for abuse of process stemming from the filing and subsequent withdrawal of the two foreclosure actions. In count four, the plaintiff alleges the defendant has slandered the title to his property by maintaining a lien on the property. In count five, the plaintiff seeks an accounting. In count six, the plaintiff alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110b et seq.
On June 5, 2001, the defendant filed a motion to strike all six counts CT Page 13468-x of the complaint on the ground the plaintiff has failed to allege legally sufficient causes of action because the plaintiff has failed to allege sufficient facts to support the claims upon which relief can be made. On July 13, 2001, the plaintiff filed a memorandum in objection to the motion to strike. On August 6, 2001, a hearing was held on the motion.
 DISCUSSION
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." Eskin v. Castiglia, 253 Conn. 516, 522,753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. . . ." Sherwood v. Danbury Hospital,252 Conn. 193, 212, 746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626,749 A.2d 630 (2000). "In deciding on a motion to strike . . . the trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) LiljedahlBrothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
Count one
In count one, the plaintiff alleges a cause of action for vexatious litigation. The defendant moves to strike count one on the ground that it is legally insufficient because it fails to allege sufficient facts to support a cause of action for vexatious litigation. Specifically, the defendant argues that the plaintiff has failed to allege that the foreclosure actions were filed maliciously and without probable cause. The defendant also argues that the count should be stricken because the plaintiff has failed to allege that the prior foreclosure actions terminated in his favor.
The plaintiff argues that the motion to strike should be denied because he has pleaded a legally sufficient cause of action for vexatious litigation. Specifically, the plaintiff argues that he has pleaded facts which, if proven, show that the defendant filed the foreclosure actions CT Page 13468-y maliciously and without probable cause in an attempt to induce the plaintiff to make payments that were not legitimately owed to the defendant. The plaintiff also argues that count one pleads sufficient facts to establish that the previous foreclosure actions were resolved in his favor because he has alleged that the defendant withdrew the law suits without resolving its claims against the plaintiff.
"In a malicious prosecution or vexatious litigation action, it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 361, ___ A.2d ___ (2001). "Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. . . . Malice may be inferred from lack of probable cause. . . . The want of probable cause, however, cannot be inferred from the fact that malice was proven. (Citations omitted.)Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor."Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64 (1995).
In count one, the plaintiff alleges that the defendant initiated foreclosure actions against him on July 13, 1993, and July 21, 1998, without just cause, and without notifying the plaintiff of the amounts it claimed were due and owing on the note and mortgage. Count one further alleges that the defendant subsequently abandoned both of these foreclosure actions "without ever resolving any claims against [p]laintiff. . . ." Lastly, it is alleged that the defendant filed the foreclosure actions "to induce [p]laintiff to make payments that are not legally due and owing to [d]efendant."
The plaintiff has failed to state a legally sufficient cause of action for vexatious litigation because the plaintiff has failed to alleged sufficient facts to support the conclusion that the foreclosure actions were filed without probable cause. In order to allege that the foreclosure actions were filed without probable cause, the plaintiff is required to allege that the defendant filed the actions without a reasonable, good faith belief that the plaintiff was in default at the time it initiated the foreclosure actions. See DeLaurentis v. New Haven,220 Conn. 225, 256, 597 A.2d 807 (1991) ("in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted.") The plaintiff's allegation that the prior foreclosure actions were filed "without just cause" is a mere legal CT Page 13468-z conclusion that is not supported by the facts alleged and, therefore, legally the claim for vexatious litigation is subject to the motion to strike. See Faulkner v. United Technologies Corp., supra, 240 Conn. 588. The defendant's motion to strike count one is, therefore, granted.
Counts two and three
In counts two and three, the plaintiff realleges the allegations in count one and alleges further that the filing of the July 13, 1993 and July 21, 1998 foreclosure actions constitutes abuse of process because the actions were filed in order to cause the plaintiff to make payments that were not yet due and owing on the note and mortgage. The defendant moves to strike counts two and three of the complaint on the grounds that they are legally insufficient because they fail to allege facts which, if proven, support causes of action for abuse of process. Specifically, the defendant argues that the plaintiff has failed to plead that the defendant filed the separate foreclosure actions in an improper manner or primarily to accomplish a purpose for which the actions were not designed. The defendant also argues that the plaintiff has failed to alleged that the foreclosure actions were filed to cause the plaintiff specific injury outside of that which normally occurs during litigation.
The plaintiff argues that the motion to strike counts two and three should be denied because he has alleged legally sufficient causes of action. Specifically, the plaintiff argues that he has alleged that the defendant initiated the foreclosure actions to induce the plaintiff to make payments that were not legally or legitimately due to the defendant and the plaintiff argues that this allegation is sufficient to establish that the actions were pursued by the defendant for an improper purpose. The plaintiff also argues the allegation of an improper purpose is also sufficient to establish that the foreclosure actions were designed to cause the plaintiff a specific injury which is not normally associated with a foreclosure action.
"To allege a viable cause of action for abuse of process, a claimant must `point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation.'" NorseSystems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 601-02,715 A.2d 807 (1998). "Abuse of process is the misuse of process regularly issued to accomplish an unlawful ulterior purpose. The gravamen of the complaint is the use of process for a purpose not justified by law. The distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the CT Page 13468-aa commencement of an action without legal justification, and in the latter it is in the subsequent proceedings, not in the issue of process but in its abuse." QSP, Inc. v. The Aetna Casualty Surety Co., supra,256 Conn. 382, 360-61 n. 16. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . ." (Emphasis added.) Comment b to § 682 explains that the addition of "primarily' is meant to exclude liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; internal quotation marks omitted.)Suffield Dev. Associates Ltd. Partnership v. National Loan Investors,L.P., 64 Conn. App. 192, 198-99, ___ A.2d ___ (2001).
In counts two and three, the plaintiff has alleged that the defendant filed the foreclosure actions to "induce [p]laintiff to make payments that are not legally due and owing to [d]efendant." This alleged misconduct, if proven, is legally sufficient to support a cause of action for abuse of process because it alleges that the foreclosure actions were pursued primarily to induce the plaintiff to pay money to the defendant that the defendant was not yet owed. This allegation is also sufficient to establish that the filing of the foreclosure actions was designed to cause the plaintiff to suffer an injury, through payment of funds not yet due and owing to the defendant, which is not normally associated with a foreclosure proceedings. The defendant's motion to strike counts two and three of the complaint is, therefore, denied.
Count four
In count four, the plaintiff alleges that the defendant is slandering title to his property by maintaining a lien against his property. The plaintiff alleges that the lien is improper because the defendant has not disclosed to the plaintiff "at any time . . . the actual claims [d]efendant may have as a successor in interest to [p]laintiff's original mortgage."
The defendant moves to strike count four on the ground that it fails to state a legally sufficient cause of action for slander of title because the defendant had a right to record a mortgage lien against the CT Page 13468-ab plaintiff's property, as a matter of law, and therefore, the filing of the lien does not constitute a false statement. The defendant argues that the plaintiff, by consensually entering into a note and a mortgage on the property, has given the defendant the right to have a recorded lien against his the property until the full amount of the note is repaid.
The plaintiff argues that the defendant's motion to strike count four should be denied because he has pleaded sufficient facts to support a legally sufficient cause of action for slander of title. Specifically, the plaintiff argues that because there is no current pending foreclosure action, the lien is a false statement affecting title to his property.[1]
The plaintiff additionally argues that the court may infer that the defendant recorded its lien against his property with malice because the lien was recorded during the first foreclosure action which was initiated without probable cause.
"Slander of title is a tort whereby the title of land is disparaged by a letter, caveat, mortgage, lien, or some other written instrument." D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3rd Ed. 1991) § 167, p. 447. "A cause of action for slander of title consists of the uttering or publication of a false statement derogatory to the plaintiff's title, with malice, causing special damages as a result of diminished value of the plaintiff's property in the eyes of third parties. The publication must be false, and the plaintiff must have an estate or interest in the property slandered. Pecuniary damages must be shown in order to prevail on such a claim." Elm Street Builders Inc. v.Enterprise Park Condominium Assn., Inc., 63 Conn. App. 657, 669-70, ___ A.2d ___ (2001). It has been held in a slander of title action that "[t]he definition of the word `slander' requires that there be an `utterance of false charges or misrepresentations which defame and damage reputation.'" Battistelli v. Corso, 30 Conn. Sup. 135, 143, 304 A.2d 676
(1973).
In count four, the plaintiff alleges that after withdrawing its foreclosure actions, the defendant has continued "to claim a lien against [p]laintiff's property without disclosing at any time to [p]laintiff the actual claims [d]efendant may have as a successor in interest to [p]laintiff's original mortgage." Read in the light most favorable to the plaintiff, count four alleges that the defendant does not have the right to have a lien against the plaintiff's property and its assertion of a lien is a false statement because the defendant has not disclosed to the plaintiff the basis for the recordation of its lien.
When the plaintiff entered into the note and mortgage with the CT Page 13468-ac defendant's predecessor in interest, the plaintiff agreed, through execution of the note and mortgage, to create a valid mortgage lien against his property. See Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927) ("the view of equity is that the mortgage is merely a lien upon the property for securing the payment of the debt.") Because the defendant, the assignee of a mortgage, stands in the shoes of his assignor, with the same rights and interest, the defendant assumed a valid mortgage lien against the plaintiff's property upon the assignment of the note and mortgage from its predecessor in interest. See Reynoldsv. Ramos, 188 Conn. 316, 319-20 n. 5, 449 A.2d 182 (1982). Absent an allegation that the defendant had a duty to disclose to the plaintiff its claims against the property based on the provisions of the mortgage or note, requirements under statute, or the principles of common law, the defendant did not have a duty to explain to the plaintiff that he had a mortgage lien on the property by virtue of assignment. Because the defendant assumed a valid mortgage lien on the property when it was assigned the note and mortgage, the defendant's mortgage lien on the property is not, therefore, "a false statement derogatory to the plaintiff's title." See Elm Street Builders Inc. v. Enterprise ParkCondominium Assn., Inc., supra, 63 Conn. App. 669-70. The defendant's recordation of its mortgage lien, absent some other allegation, does not constitute a false statement against the plaintiff's title as a matter of law. Indeed, the recordation of the assignment of the note and mortgage to the defendant's on the land records was necessary to protect the defendant's interest in the property. The defendant's motion to strike count four of the complaint is, therefore, granted.
Count five
In count five, the plaintiff alleges that he is entitled to an accounting because the defendant has "neglected and refused to inform [p]laintiff of the application of payments with allocation to principle and interest" and the defendant, while claiming to be a holder in due course of plaintiff's mortgage, "has neglected and refused to maintain accurate information concerning the status of said mortgage, and has neglected to inform" the plaintiff of the correct amount the plaintiff owes on the note and mortgage.
The defendant argues that count five should be stricken on the ground that the plaintiff has failed to plead facts to support a legally sufficient cause of action. Specifically, the defendant argues that the plaintiff has failed to plead facts to support the existence of a fiduciary relationship between the plaintiff and the defendant or the existence of mutual and/or complicated accounts and therefore, the CT Page 13468-ad plaintiff has failed to plead an element required to receive the remedy of an accounting. The defendant additionally argues that count five should be stricken because the plaintiff has failed to plead the absence of an adequate remedy at law to rectify the parties' payment dispute. The plaintiff argues that the motion to strike count five should be denied because he has pleaded facts that show the existence of a fiduciary relationship and, therefore, a right to an accounting.
"To support an action of accounting, one of several conditions must exist. There must be a fiduciary relationship, or the existence of mutual and/or complicated accounts, or a need of discovery, or some other special ground of equitable jurisdiction such as fraud." CS ResearchCorporation v. Holton Co., 36 Conn. Sup. 619, 621, 422 A.2d 331 (1980). "Courts of equity have original jurisdiction . . . to compel an accounting, where a fiduciary relationship exists between the parties and a duty rest upon the defendant to render an account. This right exists not only in the case of those relationships which are traditionally regarded as those of trust and confidence, but also in those informal relations which exist whenever one person trusts in and relies upon another. The relationship. between parties to a business agreement [has] . . . been held to involve such confidence and trust as to entitle one of the parties to an accounting in equity." Id.
"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . Although this court has refrained from defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations. we have recognized that not all business relationships implicate the duty of a fiduciary. . . . In particular instances, certain relationships, as a matter of law, do not impose upon either party the duty of a fiduciary." (Citations omitted; internal quotation marks omitted.) Hi-Ho Tower, Inc.v. Com-Tronics, Inc. 255 Conn. 20, 38, 761 A.2d 1268 (2000).
Our courts have found the existence of a fiduciary relationship based on a contract when an independent sales man sought commission from a partnership; Strang Witkowski, 138 Conn. 94, 101, 82 A.2d 624 (1951); an inventor demanded royalties pursuant to his agreement with a company;Rockwell v. New Departure Mfg. Co., 102 Conn. 255, 308-09, 128 A. 302
(1925); and, when one party to a franchise agreement breached the agreement. Valdes v. Larringa, 233 U.S. 705, 709, 34 S.Ct. 750,58 L.Ed. 1163 (1914). CT Page 13468-ae
In this instance, the plaintiff has failed to allege the existence of a fiduciary relationship based on the note and mortgage. The plaintiff has not alleged facts which suggest that the relationship he had with the defendant was "characterized by a unique degree of trust and confidence between the parties" or that the defendant was "under a duty to represent" the plaintiff's interest. Hi-Ho Tower, Inc. v. Com-Tronics,Inc., supra, 255 Conn. 38. Therefore, unless the plaintiff has alleged the existence of multiple and/or complicated accounts, a need of discovery, or some other special ground of equitable jurisdiction such as fraud, none of which has been alleged here, the defendant's motion to strike count five is granted. CS Research Corp. v. Holton Co., supra,36 Conn. Sup. 621.
Even if read in the light most favorable to the plaintiff, the complaint does not allege the existence of multiple and/or complicated accounts. The complaint has not alleged that the plaintiff has a discovery need which could not be met with a simple discovery request and the plaintiff has failed to allege the existence of a fraud or some other ground of equitable jurisdiction which would allows the court to order an accounting. The defendant's motion to strike count five is, therefore, granted.
Count six
In count six, the plaintiff alleges that the defendant has violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110b et seq., by failing to provide notice of the claims against the plaintiff, failing to provide the plaintiff with credit for the money plaintiff paid toward his mortgage, claiming that the plaintiff owed a balance that was based upon defendant's inaccurate records, maintaining a lien on plaintiff's property while refusing to adjust plaintiff's account or reflect the payments plaintiff made, and forcing the plaintiff to incur expenses and legal fees in defending two foreclosure suits. The plaintiff alleges that the defendant filed the two previous foreclosure actions in an attempt to get the plaintiff to pay the defendant sums that were not yet due and owning on the mortgage.
The defendant moves to strike count six on the ground that it fails to state a legally sufficient claim upon which relief can be granted. Specifically, the defendant argues that the plaintiff has failed to allege an ascertainable loss or a violation of any established public policy and, therefore, the plaintiff has failed to state a legally sufficient cause of action for a CUTPA violation.[2]
CT Page 13468-af
The plaintiff argues that the motion to strike count six should be denied because he is not required to allege a violation of public policy in order to state a claim for a CUTPA violation. The plaintiff argues that he may state a legally sufficient cause of action by alleging immoral, unethical, oppressive behavior, or conduct, by the defendant, which is substantially injurious to customers. The plaintiff argues that he has pleaded conduct which is oppressive because he has alleged that the defendant filed the foreclosure actions in order to induce the plaintiff into paying the defendant sums that were not yet due and owing under the note and mortgage.[3]
"Whether the plaintiff [has] alleged the elements of a CUTPA claim is a question of law . . . that should be resolved by a motion to strike." Marr v. WMX Technologies, Inc., 244 Conn. 676, 681, 711 A.2d 700 (1998). General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334,367-68, 736 A.2d 824 (1999).
The purpose of CUTPA is to protect consumers from unfair or deceptive business acts or practices, and competitors and other business people from unfair competition. Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 496-98, 656 A.2d 1009 (1995). "The focus of the statute is . . . not on unscrupulous behavior by businessmen in every aspect of their business lives, but on those specific types of unscrupulous behavior that takes place in, and adversely affect others who take part in, the particular trade or commerce in which the defendant is engaged."Phillips Industrial Service Corp. v. Connecticut Light Power Co.,
Superior Court, judicial district of Waterbury, Docket No. 099665 (June CT Page 13468-ag 18, 1999, Sheldon, J.) (24 Conn. L. Rptr. 641, 643).
The plaintiff has alleged that the plaintiff brought two foreclosure actions solely or primarily to induce the plaintiff to make payments to the defendant that were not legally due and owing. These allegations, if proven, would be sufficient to show that the defendant acted in an oppressive manner because the defendant sought to receive funds it was not owed or take possession of the plaintiff's property through legal action and cause the plaintiff to either pay the funds the defendant demanded or incur substantial legal fees to defend against the foreclosure actions. Construed in the light most favorable to the plaintiff, these allegations are sufficient to make out a CUTPA claim. The defendant's motion to strike count six is, therefore, denied.
 CONCLUSION
For the foregoing reasons, the defendant's motion to strike count one, four and five is granted. The defendant's motion to strike counts two, three and six is denied.
D. Michael Hurley, Judge Trial Referee